UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

          Plaintiff,

vs.                                    Case No.  2:10-cv-638-FtM-29SPC

WILLIAM P. WISE, Sheriff of DeSoto
County Jail and R.L. KRUGLER,
Captain, DeSoto County Jail,

          Defendants.
_____

**<u>ORDER</u>**

    This matter comes before the Court upon review of Plaintiff's "Motion to Vacate Order of Dismissal for Failure to Exhaust Remedies [sic]" (Doc. #11, Motion), filed December 1, 2010. The Court construes Plaintiff's Motion as brought pursuant to Fed. R. Civ. P. 59(e).

    Plaintiff seeks reconsideration of the Court's November 9, 2010 Order of Dismissal (Doc. #9, Order) entered in the above-captioned action, in which the Court dismissed Plaintiff's case, without prejudice. In support of his Motion, Plaintiff states that the Court "erroneously assumed that plaintiff was a 'prisoner' for [] purpose[s] of the PLRA because he was temporarily detained at the county jail." Motion at 1. Plaintiff further submits that the "fee payment provisions" of the PLRA are inapplicable to him because he is a civil detainee under the Florida Sexually Violent Predator Act. <u>Id.</u>

Federal Rule of Civil Procedure 59(e) affords the Court substantial discretion to reconsider an order which it has entered. Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(citations omitted). A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Upon review of Plaintiff's Motion, the Court affirms its November 9, 2010 Order of Dismissal. Plaintiff filed his complaint as a pretrial detainee at the DeSoto County Jail being held on underlying criminal charges. Plaintiff's contention that the PLRA does not apply to him is incorrect. Plaintiff qualifies as a "prisoner" for purposes of the PLRA pursuant to 42 U.S.C. § 1997e(h). As discussed in the Order, Plaintiff must therefore first exhaust his administrative remedies at the DeSoto County Jail before he files a § 1983 complaint. The face of the Complaint establishes that Plaintiff did not exhaust his administrative remedies at the county jail before filing his action. Therefore, Plaintiff has failed to demonstrate grounds for reconsideration, or modification of the Court's Order.

ACCORDINGLY, it is hereby

**ORDERED**:

Plaintiff's Motion for Reconsideration (Doc. #11) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, on this _16th_ day of December, 2010.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record